

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-471-CR**
**NO. 2-08-472-CR**
**NO. 2-08-473-CR**
**NO. 2-08-474-CR**
**NO. 2-08-475-CR**

STEPHON LAMAR HARRIS                                                APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The trial court convicted Appellant Stephon Lamar Harris upon his open pleas of guilty to five offenses:  possession of marijuana in the amount of five pounds or less but more than four ounces; possession of a controlled substance of less than one gram, namely, cocaine; attempted assault causing bodily injury

---

[1] *See* Tex. R. App. P. 47.4.

to a public servant discharging an official duty; and two counts of engaging in organized criminal activity, to wit: aggravated assault with a deadly weapon. The trial court imposed the sentence in each case on June 27, 2008. Appellant did not file a motion for new trial in any of his cases, so his notice of appeal in each case was due July 28, 2008.[2] He did not file his notices of appeal until December 11, 2008; thus, they were untimely.

Accordingly, we informed Appellant's appointed counsel and Appellant by letter on December 19, 2008 that these appeals were subject to dismissal unless Appellant or any party showed grounds for continuing the appeals on or before December 29, 2008. We have not received a response.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[3] The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.[4]

---

[2] *See* Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed within thirty days of sentencing).

[3] *Id.*

[4] *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant's notices of appeal were untimely filed, we dismiss these cases for want of jurisdiction.[5]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 5, 2009

---

[5] *See* Tex. R. App. P. 26.2(a)(1), 43.2(f).